KROES *v.* HARRYMAN.

1. PLEADING—MOTION TO DISMISS.

A motion to dismiss a declaration in an action at law may be utilized for the purpose of presenting question of law for determination prior to pleading to the merits (Court Rule No 18, § 1 [1945]).

2. SAME—QUESTION FOR JURY.

There must be a preliminary determination made that a question of fact for the jury's determination is presented by the pleadings before it can be said that the constitutional right to trial by jury has been infringed (Court Rule No 18, §§ 1, 3 [1945]).

3. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT OF PARTIES—EVIDENCE.

Evidence presented at hearing on motion to dismiss declaration by plaintiff, receptionist in office of defendant doctor, as to defendant pharmacists from whom doctor had purchased a mixture of ethyl alcohol and ether that had exploded and burned plaintiff, *held*, merely to have shown that plaintiff had made no inquiry of the doctor as to facts that might disclose who else might have been liable, not that he had ever fraudulently concealed his source of supply, hence, trial court was not in error in dismissing declaration as to defendant pharmacists who were added by amendment on motion filed after expiration of period within which action might have been commenced against them (CL 1948, § 609.20; CLS 1956, § 609.13; Court Rule No 18, §§ 1, 3 [1945]).

4. TRIAL—UNDISPUTED FACTS.

A jury issue is not created where the facts are not in dispute and only the legal conclusions are to be drawn from the facts adduced.

5. LIMITATION OF ACTIONS—FRAUDULENT CONCEALMENT.

A plaintiff must be held chargeable with knowledge of the facts which it ought, in the exercise of reasonable diligence, to have discovered when attempting to hold parties liable in action

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 331.
[2] 31 Am Jur, Jury § 15.

commenced, as to such defendants, after the expiration of the statute of limitations, in the absence of any fraudulent concealment of them as a party (CL 1948, § 609.20).

Appeal from Muskegon; Beers (Henry L.), J. Submitted January 16, 1958. (Docket Nos. 66, 67, Calendar Nos. 47,621, 47,622.) Decided June 12, 1958.

Case by Patricia Kroes, originally against James E. Harryman, later adding Lyman Steiner, Jr., and Eva Walters, doing business as Walters Pharmacy, for personal injuries sustained when bottle containing pharmaceutical preparation burst and liquid became ignited. Similar action by Paul Kroes for medical and other expenses. On motion cases dismissed as to defendants Steiner and Walters. Plaintiffs appeal and cases heard together. Affirmed.

*Smedley & Spaniola*, for plaintiffs.

*Sessions & Barlow*, for defendants Steiner and Walters.

SMITH, J. This case involves our concealment statute (CLS 1956, § 609.20 [Stat Ann 1957 Cum Supp § 27.612]) which provides as follows:

"If any person, who is liable to any of the actions mentioned in this chapter, shall fraudulently conceal the cause of such action, or conceal the identity of any party thereto, from the knowledge of the person entitled thereto, the action may be commenced at any time within 2 years after the person who is entitled to bring the same shall discover that he had such cause of action, although such action would be otherwise barred by the provisions of this chapter."

This is what happened: Plaintiff Patricia Kroes[*]

---

[*] We actually have 2 plaintiffs, husband and wife, and 2 lawsuits, but, for convenience, we will speak of them in the singular throughout.

worked in the office of the defendant doctor, James E. Harryman. On March 5, 1953, the Walters Pharmacy (operated by defendants Eva Walters and Lyman Steiner, Jr., as copartners) delivered to the doctor's office a bottle containing a mixture of ethyl alcohol and ether. Around 1 o'clock the same day the bottle burst. Its contents escaped, became ignited, and plaintiff was burned in the ensuing fire.

On February 24, 1956, shortly before the running of the statute of limitations, plaintiff commenced suit against defendant doctor for injuries sustained. Declaration was filed, and answer, and pretrial was held in September. It was then, we are told, that plaintiff's attorney "was for the first time advised that defendant Harryman had purchased the inflammable material from Walters Pharmacy." Thereafter plaintiff petitioned for an order adding as party defendants "Eva Walters and Lyman Steiner, Jr., doing business as Walters Pharmacy" on the ground, among others, that "defendant [doctor] concealed the identity of any other person who might have been made a party hereto at the time this suit was commenced." The petition was granted, the parties added, and petition was made to file an amended declaration. Thereafter, a special appearance was entered, and motion to dismiss on behalf of defendants Walters and Steiner made. Arguments were heard and testimony was received thereon. Without tracing in detail all the steps taken, the upshot of the whole amendatory effort was that defendants Walters and Steiner were dismissed on the ground that the statute of limitations (CLS 1956, § 609.13 [Stat Ann 1957 Cum Supp § 27.605]) had run against them prior to their attempted addition as parties to the case. (As a matter of fact the suit was commenced so late in the statutory period that the statute had run even before answer was filed.) It is to toll the running of limitations

that plaintiff invokes the statute above quoted relating to "concealment of cause of action or identity of any party thereto."

In more detail, this is plaintiff's argument on appeal: That the motion to dismiss admits the averments of plaintiff's petition relating to lack of knowledge of others possibly liable for the injuries of defendant doctor's asserted concealment thereof, and plaintiff's ascertainment, "just recently," that the Walters Pharmacy supplied the liquid. Plaintiff also urges that the trial court was in error in determining the issue of concealment, since a demand for jury trial had been made, and, finally, that the court erred in finding that there had been no concealment within the meaning of the statute above quoted.

The matter before us is governed by the provisions of Michigan Court Rule No 18 (1945). This rule embodies the traditional equity procedure of utilizing a plea in bar for the determination of questions of law prior to pleading to the merits. Broadly speaking, the theory of the plea was that it presented facts, dehors the pleading, which of themselves constituted a bar to the action, such as matters in release, which would rarely be pleaded by the plaintiff himself. The rule, however, is broader than the pure plea utilized under the old practice, since it encompasses, as well, defects appearing "on the face of the declaration." (Court Rule No 18, § 1 [1945].) Continuing with the requirements of our court rule under consideration, the motion to dismiss having been made, a hearing thereon may be held (section 3), *Case* v. *City of Saginaw*, 291 Mich 130. (Justice Black's thoughtful analysis of this problem in *Mathews* v. *United Association of Journeymen,* 351 Mich 293, may be studied with profit at this point, particularly with respect to procedure upon motion to dismiss.) In this case before us, plaintiff urges, with respect to the hearing held, that since a demand

for jury had been made, the court was in error in taking testimony relative to and making decision upon the motion. There is no merit in this contention. Before a jury is ever reached a preliminary decision must always be made, namely, whether or not there is anything to go to a jury. There can be no infringement upon the constitutional right to trial by jury if there is no issue of fact to go to the jury.

We first consider plaintiff's argument that the trial court should have denied the motion to dismiss upon the theory that it "should have taken the facts as alleged in plaintiff's petition  *   *   * as true, and denied defendants' motion to dismiss." The petition referred to by plaintiff sought to add as defendants the copartners owning the Walters Pharmacy. It set up, first of all, plaintiff's version of those things "said defendant [doctor] has claimed" in his answer to the declaration (purchase from supplier in Muskegon, bottle never opened, and no knowledge of defect). It goes on that these statements "intimate a responsibility or liability upon the supplier" of which plaintiff knew nothing prior to the filing of the answer, that defendant doctor had (thus, apparently) concealed the identity of someone else who "might have been made a party" to the suit and that from plaintiff's investigation it had "just recently been determined that the supplier was Walters Pharmacy." There is nothing in any of the foregoing which is sufficiently material to advance plaintiff's attempted inclusion of the added defendants. Plaintiff's asserted lack of knowledge of other possible defendants (if, indeed, there are such) is not in itself material on the issue of concealment, since plaintiff's ignorance may, on the face of these pleadings, be due to his own inaction during the running of the statute of limitations.

We are remitted, then, to the evidence adduced at the hearing with respect to the alleged concealment. At this point the relationship of the parties must be examined in more detail. Plaintiff, as we have noted, was employed as receptionist by the defendant doctor. In this capacity she made appointments, kept files, made bank deposits and wrote occasional checks. Defendant doctor obtained the bulk of his medical supplies from the Walters Pharmacy and did so during the period of plaintiff's employment. (The label on the bottle involved, in fact, bore the name of the Walters Pharmacy.) After the accident, defendant doctor was almost a constant visitor at the hospital and assumed a measure of responsibility for plaintiff's medical and hospital expenses. He discussed the accident with her husband shortly thereafter, at which time the explosion was attributed to the ether-alcohol mixture. (Defendants' answer, in fact, made clear that the mixture was purchased from another source, not made up by the doctor himself.) There is no showing that defendant doctor, at any time, made any attempt to hide his source of supply, or evaded inquiries with respect thereto. In fact, we do not find in this record that such inquiries were ever directed to him. The most that plaintiff can make out of all this is that "Harryman had never told her [plaintiff] at any time, that Walters Pharmacy might be liable." Might it? How about the manufacturer of the ethyl-alcohol? Of the ether? Of the bottle? Where will this stop? Such a failure to speculate as to a conjectural legal liability of a third party does not amount to concealment of anything. Thus we do not reach the question of whether or not the concealment was fraudulent (*International Union United Automobile Workers of America, A.F.L.,* v. *Wood,* 337 Mich 8), whether it must be by defendant doctor himself, or possible inquiries pertaining to the scope of the amendment

made by PA 1954, No 49 (adding the words "or conceal the identity of any party thereto"), for there was no concealment to start with. In short, the facts are not in dispute, only the legal conclusions to be drawn therefrom, and this does not create a jury issue. See authorities cited in *Christiansen* v. *Hilber*, 282 Mich 403.

Finally, we note in plaintiff's reply brief the statement that "up to the time of the pretrial, no one knew where the inflammable liquid that caused the fire came from, or cared very much." Therein lies the key to this case. With respect thereto the trial court's comments are worthy of perpetuation in the printed reports of this State.

"The plaintiffs consulted an attorney and the case was commenced February 24, 1956, the accident having taken place on March 5, 1953, so that the case was commenced some 3 or 4 weeks before the statute of limitations expired. During all of that time and up to the time that a pretrial conference was held on the 17th day of September, 1956, no inquiry or investigation was made by the plaintiffs or their attorney as to the possible liability in this case of any other person than the defendant Harryman. No questions were asked of Harryman, and it is obvious that had the question been asked it would have been answered. No effort was made under the very broad discovery proceedings permitted by the rules of this court to determine such a thing, although both plaintiffs were fully aware, as the proof in this case demonstrates, that the defendant had purchased this material from some dealer and had not manufactured it himself.

"Under these circumstances, I do not see how it can be claimed that any concealment of a cause of action or the identity of any person has been committed by any of the defendants. In the case of *First National Bank of Ovid* v. *Steel*, 146 Mich 308, 315, the Court says:

" 'The statute was not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by facts known, and the plaintiff must be held chargeable with knowledge of the facts, which it ought, in the exercise of reasonable diligence, to have discovered.'

"It does not seem to me that litigants should be permitted to allow the statute to expire, make no attempt whatever to determine who might or might not be liable, and then have the statute extended by merely claiming that someone concealed the identity of a party or a cause of action when it is obvious that they have made no effort whatever to find out for themselves."

Affirmed. Costs to appellees.

BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with SMITH, J.

DETHMERS, C. J., and CARR and KELLY, JJ., concurred in the result.