NAGY v. McEACHERN

1. NEGLIGENCE — UNDISPUTED EVIDENTIARY FACTS — QUESTION FOR JURY.

The question of negligence is a question of fact and unless a judge can say that all reasonable men would agree on the question of negligence from the undisputed evidentiary facts, the issue must be submitted for jury determination.

2. EVIDENCE—GUN SAFETY MECHANISM—EXPERT WITNESS TESTIMONY—WEAPONS.

There was enough evidence to go to the jury that the safety mechanism on a gun had something to do with the gun firing when it hit the ground where there was expert witness testimony that the safety could lock the entire mechanism so that it would be extremely unlikely for the gun to fire if the engagement surfaces were deep enough and the poundage was set heavily enough.

3. EVIDENCE—OPINION TESTIMONY—WITNESSES—QUALIFICATIONS OF EXPERT WITNESSES—GUNSMITH—DISCRETION.

Trial court did not abuse its discretion in permitting defendant's opinion testimony, although he was not a gunsmith, where defendant was an experienced hunter and an expert on metal fabrication.

Appeal from Wayne, Blair Moody, Jr., J. Submitted Division 1 October 14, 1970, at Detroit. (Docket No. 7696.) Decided December 4, 1970. Leave to appeal denied April 23, 1971. 384 Mich 834.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 344.
[2] 38 Am Jur, Negligence § 344 et seq.
  31 Am Jur 2d, Expert and Opinion Evidence § 151.
[3] 31 Am Jur 2d, Expert and Opinion Evidence §§ 26, 27, 151.

Complaint by Carl Nagy, for himself and as next friend of Michael Nagy, against Lawrence McEachern and Montgomery Ward for personal injuries resulting from discharge of shotgun. Judgment for plaintiffs. Defendant Montgomery Ward appeals. Affirmed.

*Harvey, Kruse & Westen,* for plaintiffs.

*Allen, Allen & Shell,* for defendant Lawrence McEachern.

*Butzel, Eaman, Long, Gust & Kennedy* (by *A. D. Connor*), for defendant Montgomery Ward.

Before: J. H. Gillis, P. J., and Danhof and Mahinske,* JJ.

Per Curiam. Defendant McEachern owned a double-barrelled shotgun which he took to defendant corporation Montgomery Ward for repairs. An employee in Ward's gun shop made a new safety for the gun. Five months later while hunting McEachern stumbled and fell, dropping the loaded gun. On striking the ground, one barrel discharged, shooting a hunting companion, Michael Nagy, in the leg.

Plaintiffs sued alleging that McEachern was negligent in carrying the gun and Montgomery Ward in repairing it. A trial followed and the jury returned a verdict of no cause of action in favor of McEachern and a verdict in favor of plaintiffs against Montgomery Ward. Defendant Ward appeals.

The initial argument is that McEachern was guilty of negligence as a matter of law. However, the rule

---

* Circuit judge, sitting on the Court of Appeals by assignment.

is that the question of negligence is a question of fact and unless a judge can say that all reasonable men would agree on the question of negligence from the undisputed evidentiary facts, the issue must be submitted for jury determination. *Miller* v. *Miller* (1964), 373 Mich 519. The trial court properly instructed the jury on McEachern's duty to establish that he was free from any negligence in his handling of the gun. *Felgner* v. *Anderson* (1965), 375 Mich 23. We find no error since reasonable men could differ as to whether McEachern was negligent in his handling of the gun.

The second argument is that there was no evidence to go to the jury that the safety mechanism on the gun had anything to do with the gun firing when it hit the ground. We find no error. There was expert witness testimony that the safety could lock the entire mechanism so that it would be extremely remote for the gun to fire if the engagement surfaces were deep enough and the poundage was set heavily enough.

The third argument is that there was no evidence to go to the jury that the safety mechanism was not operating perfectly when the gun was dropped. We find no error. There was testimony by McEachern from which the jury could have inferred that the safety mechanism was defective when the gun was dropped.

Lastly, Montgomery Ward argues that it was error to allow McEachern to give opinion testimony as an expert witness when he was not a gunsmith. McEachern was an experienced hunter and expert on metal fabrication. The trial court did not abuse its discretion in permitting his opinion testimony. *Coles* v. *Galloway* (1967), 7 Mich App 93, *leave to appeal denied* 379 Mich 775.

Affirmed.