BROWN *v* PAGE

BROWN *v* BRITT

1. Negligence—Directed Verdict.
    A directed verdict that a defendant is negligent is proper only where all reasonable men must agree on the question of negligence.

2. Automobiles—Negligence—Directed Verdict.
    All reasonable prudent men would agree that a man allegedly driving at 40–45 miles per hour, would, after seeing an object in the road at least 150 feet ahead, make an immediate effort to stop or otherwise avoid it rather than proceeding another 100 feet and then applying the brakes and swerving after ascertaining that the object was another vehicle in his path; a directed verdict of negligence is proper where such facts are present.

3. Automobiles—Contributory Negligence—Question of Fact.
    Whether plaintiff was guilty of contributory negligence was a question of fact, not one of law, where plaintiff stayed by his automobile, which did not have lights and was stalled on a highway, while his passenger, who saw a car rapidly approaching them and believing that the car could not stop before hitting them, left the danger area and warned the plaintiff to leave.

Appeals from Saginaw, Joseph R. McDonald, J. Submitted Division 3 February 1, 1972, at Grand Rapids. (Docket Nos. 10333, 10334.) Decided February 28, 1972.

---

References for Points in Headnotes
[1, 2] 53 Am Jur, Trial § 332 *et seq.*
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 359.
    8 Am Jur 2d, Automobiles and Highway Traffic §§ 817, 825, 1013.

Complaint by David Brown against Dale E. Page and Harold Britt for damages sustained from an automobile accident. Ollie Mae Brown, plaintiff's wife, brought a derivative action. Judgment for plaintiffs. Defendants appeal. Reversed and remanded.

*Arthur L. Petersen,* for plaintiffs.

*Smith & Brooker, P. C.* (by *Webster Cook* and *Lawrence E. Nill*), for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM. The original cause of action and this appeal arise from an automobile accident.

Defendant Page collided with the rear end of plaintiff Brown's stopped and unoccupied vehicle. At a time when Brown and his passenger, Cones, were standing near the stalled vehicle, they observed the Page automobile approaching. The Brown vehicle was stopped on at least part of the highway with no lights. Brown claimed he was waiving a flashlight for assistance. Cones testified that he could see that the Page car would not stop in time and told Brown to get out of the way. Cones departed from the danger area, but Brown continued to stay near his car; finally, he ran and dived or fell on the highway sustaining injury. His wife, Ollie Mae Brown, brought a derivative action. Both are consolidated in this appeal.

The case went to the jury on the question of damages only. Brown's verdict was for $2,000; Mrs. Brown's, $500.

On appeal defendants challenge the propriety of the court directed verdicts against them on the issues of negligence and contributory negligence.

Defendant Page testified as follows:

"*Q.* But there's no question about the fact that 150 feet before the accident, you saw something in the road up ahead of you, didn't you?
"*A.* Something, sir.
"*Q.* It was an object?
"*A.* Right.
"*Q.* And you applied no brakes until at what distance?
"*A.* I would say, sir, 50 feet, by my own estimation."

The trial court in granting a directed verdict for the plaintiffs held:

"Defendant, himself, stated that he saw an object in the road at least 150 feet away, that he made no effort to stop, or do anything until he got much closer to the vehicle, at which time, when he applied his brakes, he was unable to avoid the collision, so we don't have to speculate here."

Only when all reasonable men must agree on the question of negligence, may the court properly decide the question as one of law. *Nagy* v *McEachern,* 28 Mich App 439 (1970); *Davidson* v *Baker-Vander Veen Construction Co,* 35 Mich App 293 (1971).

The court concluded that all reasonable men could not differ on these facts and defendant was guilty of negligence and that such negligence was a proximate cause of the accident and injury.

The question is whether all reasonable prudent men would agree that a man allegedly driving at 40–45 miles per hour would, after seeing an object in the road at least 150 feet ahead, make an immediate effort to stop or otherwise avoid it rather than proceeding another 100 feet and then applying the brakes and swerving after ascertaining that it was another vehicle in his path.

We conclude that they would agree with the trial court's conclusion. Directed verdict for plaintiffs on this question, under the facts in this case, was proper.

The court denied defendants' motion for directed verdict, ruling as a matter of law that the plaintiff was guilty of no contributory negligence. This was error. If we can assume that Mr. Cones, plaintiff's passenger, was a reasonably prudent person who not only warned plaintiff to "get out of the way" and under the circumstances extricated himself from possible danger, it can also be assumed that other prudent persons may have made the same judgment and acted accordingly. A finding that Brown's actions constituted contributory negligence barring recovery is not beyond the realm of intelligent jury deliberation. The question of contributory negligence was a question of fact for the jury and not one of law for the court.

We find it unnecessary in view of the above determination to consider or discuss the other question presented.

Reversed and remanded for a new trial.

Costs to defendants.