Minnie BRITT as next friend of John Britt, Plaintiff–Appellant,

v.

Jerry SMITH, Jerry Hall, Charles Rudick and Mark Branoff, Defendants–Appellees.

No. 00–1019.

United States Court of Appeals, Sixth Circuit.

May 15, 2001.

Before KEITH, NORRIS and DAUGHTREY, Circuit Judges.

OPINION

PER CURIAM.

Plaintiff, John Britt, brought suit against defendant, Deputy Sheriff Jerry Smith, under 42 U.S.C § 1983 for an assault and battery that allegedly took place on February 12, 1985, while Britt was incarcerated in the Genesee County Jail.[1] Britt previously attempted to pursue this action against Smith in state court proceedings, but his claims were dismissed because of improper service. Britt subsequently filed suit in federal district court. The district court dismissed Britt's claims on the grounds that they were barred by the doctrines of res judicata and collateral estoppel or, alternatively, that they were barred by the applicable statute of limitations. Britt now appeals from the district court's order dismissing his claims. For the reasons that follow we affirm the decision of the district court and hold that Britt's claims were barred by the relevant statute of limitations.

I.

This court reviews a district court's grant of a motion to dismiss de novo. *See Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir.1992) (per curiam). In claims brought under 42 U.S.C. § 1983, federal courts look to state law to determine both the relevant statute of limitations period and whether that limitation period is tolled. *See Bd. of Regents v.*

*Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). Under Michigan law the statute of limitations for assault and battery claims is two years, MICH. COMP. LAWS § 600.5805(2), and for "all other actions to recover damages for the death of a person, or for injury to a person or property," it is three years from the date the action accrued. MICH. COMP. LAWS § 600.5805(9). In this case Britt alleges that he was assaulted on February 12, 1985; however, he did not file suit in federal court until April 25, 1997, more than twelve years after his claim had accrued.

In an attempt to avoid the otherwise obvious applicability of the statute of limitations, Britt argues that he suffers from the disability of insanity and that he thus has one year from the date the disability is removed to file suit. *See* MICH. COMP. LAWS § 600.5851(1). Under Michigan law, insanity in this context is defined as "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared to be insane." MICH. COMP. LAWS § 600.5851(2). The Michigan courts have found mental derangement to be present when a plaintiff

1) was "unable to work with his retained attorneys[;]" *Makarow v. Volkswagen*, 157 Mich.App. 401, 405, 403 N.W.2d 563 (1987); 2) "was unable to comprehend or assist his attorney in asserting the cause against the defendant[;]" *Hill v. Clark Equipment Co.*, 42 Mich.App. 405, 407, 202 N.W.2d 530 (1972); and 3) was "unable to attend to personal and business affairs," "that it was necessary to ex-

---

1. Although Britt's initial suit was brought against Smith and other employees of the Genesee County Jail, Britt only appeals from the district court's dismissal of his claims against Smith.

plain to [plaintiff] matters the ordinary person would understand." and that "he was unable to comprehend simple legal procedures." *Davidson v. Baker–Vander Veen Construction Co.*, 35 Mich.App. 293, 298, 192 N.W.2d 312 (1971). *English v. Bousamra,* 9 F.Supp.2d 803, 809 (W.D.Mich.1998).

The burden of demonstrating that an action is not barred by the applicable statute of limitations rests with the plaintiff. *See id .* at 808 (citing *Warren Consol. Sch. v. W.R. Grace & Co.*, 205 Mich.App. 580, 583, 518 N.W.2d 508, 510 (1994)). In this case, Britt argues that he suffered a closed head injury as a result of the alleged assault and points to the appointment of a guardian as evidence of his incapacity. Britt also relies upon an affidavit from Dr. Owen Perlman; a neuropsychological evaluation from a licensed psychologist, Charles Seigerman, Ph.D.; a functional capacity evaluation from Mary E. Barden; and a psychological evaluation from Thomas S. Rosenbaum, Ph.D. While these medical reports indicate that Britt may suffer from moderate impairment sufficient to justify the appointment of a guardian, they do not address the question of whether Britt was able to comprehend his legal rights at the time he brought his suit in federal court.

More importantly, the reports shed no light on Britt's mental state at the time his claim accrued in 1985. Under Michigan law, "[t]o be considered a disability, the infancy or insanity must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, a court shall not recognize the disability under this section for the purpose of modifying the period of limitations." MICH. COMP. LAWS § 600.5851(3). Here there

is absolutely no evidence in the record that Britt suffered from a disability in 1985. Britt has thus failed to carry his burden and his claims were properly dismissed.[2]

## II.

Britt's claims are barred by the applicable statute of limitations and we affirm the order of the district court on this ground.

---

**2.** As we affirm on this ground we need not reach the district court's alternative basis for dismissal.