**Anthony C. HIGHT, Plaintiff–Appellant,**

v.

**CITY OF FERNDALE, Defendant–Appellee.**

No. 01–1221.

United States Court of Appeals, Sixth Circuit.

Jan. 2, 2002.

Before SILER and BATCHELDER, Circuit Judges; HOOD, District Judge.*

### ORDER

Anthony C. Hight, a pro se Michigan resident, appeals from a district court's judgment dismissing his civil rights case. *See* 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Hight filed his complaint alleging that City of Ferndale police officers forcibly evicted him from his house in 1987. The defendant moved to dismiss on statute of limitations grounds, and, after Hight responded, the district court granted the motion and dismissed the case.

■ Upon review, we conclude that the district court properly granted the motion. From the face of the complaint, it clearly appears that the Michigan three year statute of limitations bars the claim. *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir.1988). Hight argues that his mental illness tolls the time for filing his case under Mich. Comp. Laws § 600.5851(1). However, the evidence which Hight presented in the district court

did not carry his burden of establishing that he was mentally ill at the time of the incident. *Britt v. Smith,* No. 00–1019, 9 Fed.Appx. 409, 2001 WL 549203, at *2 (6th Cir. May 15, 2001) (unpub. dec.); *English v. Bousamra,* 9 F.Supp.2d 803, 808 (W.D.Mich.1998), *affirmed,* No. 98–1898, 1999 WL 644321 (6th Cir. Aug.16, 1999) (unpub. dec.). We note that in Hight's supplemental brief he presents additional documents concerning his mental illness, but we cannot consider these documents because they were not presented to the district court. *Day v. UAW, Local 36,* 466 F.2d 83, 88 (6th Cir.1972).

The judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.