VALISANO *v.* CHICAGO & NORTHWESTERN RAILWAY CO.

1. LIMITATION OF ACTIONS—INSANE PERSONS—"INSANE" PERSON DEFINED—STATUTES.

Word "insane," as used in 3 Comp. Laws 1915, § 12325, providing that person insane when right of action accrues may bring action within time limited after removal of disability, means such condition of mental derangement as to actually bar sufferer from comprehending rights he is otherwise bound to know.

2. INSANE PERSONS—POWER TO DO CERTAIN ACTS.

Insanity does not necessarily prevent power to procreate or volition to do so; and insane persons often perform manual labor.

3. MASTER AND SERVANT—ELECTION OF REMEDIES.

If employee, hired by mining company to keep railroad company's spur track clear of rock output from mine, was injured by negligence of railroad company's employees while so employed, he had right to elect to sue railroad company for damages or seek compensation from his employer under workmen's compensation act (2 Comp. Laws 1915, § 5468), but after election to proceed under said act and adverse decision therein, he may not maintain action against railroad company.

4. INSANE PERSONS—SANITY PRESUMED.

Employee, claiming to have been injured by negligence of third party, and electing to proceed under workmen's compensation act, no question of his sanity being raised, may not, after adverse decision therein, bring action at law against third party on ground that he was insane at time of former proceeding and therefore incapable of election, since sanity is presumed, and election as it appears in said proceeding governs.

5. SAME—COLLATERAL ATTACK.

If proceeding before department of labor and industry under workmen's compensation act is not to control, on ground that plaintiff was insane, it must be impeached by direct proceeding in equity, and not by collateral attack in action at law.

6. SAME—RES ADJUDICATA.

Proceeding by injured employee under workmen's compensation act, in which no attempt was made to review order denying compensation, barred subsequent action at law against third party whose negligence is claimed to have caused the injury; doctrine of *res adjudicata* being applicable to such proceeding.

Error to Gogebic; Driscoll (George O.), J. Submitted April 10, 1929. (Docket No. 114, Calendar No. 33,938.) Decided June 3, 1929.

Case by Anton Valisano, by Mary Valisano, his next friend, against the Chicago & Northwestern Railway Company, for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Jones & Patek,* for plaintiff.

*Ryall & Frost* (*Waples & Waples,* of counsel), for defendant.

WIEST, J.   This action was brought in November, 1926, to recover damages for personal injuries, alleged to have been received by plaintiff in April, 1913.   At the time of the alleged accident plaintiff was in the employ of the Brotherton Iron Mining Company, operated by Pickands, Mather & Company, and engaged in keeping the spur track of defendant railway company clear of rock output from the mine and working upon the railway track, and it is claimed that cars were backed upon him, without warning, and he was seriously and permanently injured.   Under plea of the general issue, defendant gave notice of the statute of limitations and also election of remedy by plaintiff's application and proceeding for an award under the workmen's compensation act, and an adjudication thereon, barring this action.   The issues of fact were tried to a jury, and plaintiff had verdict and judgment.   Defendant reviews by writ of error.

To meet the issue raised by defendant's invocation of the statute of limitations, plaintiff claimed, offered proof, and the jury found, that the injuries he received occasioned immediate insanity, continuous since and permanent in nature.   This was controverted by defendant.   If the injuries plaintiff received simultaneously rendered him insane, and he has continuously remained so since, then the suit was not barred by the statute of limitations.

The statute of limitations, relative to personal actions, 3 Comp. Laws 1915, § 12325, provides:

"If any person entitled to bring any of the actions mentioned in this chapter shall, at the time when the cause of action accrues, be   *   *   *   insane,   *   *   *   such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed."

The term "insane," as employed in the statute, means such a condition of mental derangement as to actually bar the sufferer from comprehending rights he is otherwise bound to know. There are many forms and degrees of insanity, but whatever the form, the degree thereof must appear to be such as to bar the comprehension mentioned. The form of insanity claimed here is known as traumatic dementia, that is, occasioned by an injury; the degree asserted was total mental incapacity; the inception was alleged to have been instantaneous with the injury, and duration thereof continuous and permanent. Within three years of the injuries plaintiff performed some work at the mines, such as sweeping, scrubbing, and raking, and during the same period his wife bore him a child. Insanity does not necessarily prevent power to procreate or volition to do so. The insane often perform manual labor. We need say no more upon the subject, as the case is controlled by the rule of election of remedy and the doctrine of *res adjudicata.*

In August, 1924, plaintiff petitioned the department of labor and industry for "further" compensation, setting up that he suffered an accidental personal injury on the 15th day of April, 1913, which arose out of and in the course of his employment with the Sunday Lake Mining Company, and that since July 1, 1919, he had been disabled in the employment in which he was engaged at the time of his injury and claimed to be entitled to further compensation, and prayed the commission to set a hearing upon his petition before a deputy commissioner in order that he might present proof in support of his claim and be granted such relief as entitled to under the workmen's compensation law (2 Comp. Laws 1915, § 5423 *et seq.*) of Michigan. This petition was signed by plaintiff, by his mark, and sworn

to before a notary public. The same date plaintiff also signed a notice and application for adjustment of claim against the Sunday Lake Iron Company, and set up therein that the accident upon which he based claim for compensation occurred on the 13th day of April, 1913, at the town of Wakefield, county of Gogebic, "by being struck with an engine while wheeling rock with a wheelbarrow for said Sunday Lake Iron Company," and prayed for the following relief, viz.: "Five thousand four hundred dollars."

The application came on for hearing at the city of Ironwood, on September 15, 1924, and six witnesses, including plaintiff and his wife, gave testimony in behalf of plaintiff.

At the hearing plaintiff was represented by an attorney, and no claim of insanity was mentioned.

William J. Davies, superintendent of the Sunday Lake Iron Company, and superintendent of the Brotherton Iron Mining Company in 1913, was called in behalf of plaintiff, for cross-examination under the statute, and testified that plaintiff worked at the Brotherton mine in April, 1913; that the Brotherton mine was owned by the Brotherton Iron Mining Company and operated by Pickands, Mather & Company in 1913; and Pickands, Mather & Company were then also operators of the Sunday Lake Iron Company. Upon examination by opposing counsel, the witness testified that plaintiff was not hurt:

"His (plaintiff's) wheelbarrow was broken up badly, I will admit that. The man was working. He worked right along after the day they claim he was hurt."

Anton Valisano, plaintiff herein, and applicant therein, was sworn as a witness before the deputy commissioner and was asked, by the attorney rep-

resenting him, questions which, the record shows, he understood and answered by nods, indicating yes or no, being unable to speak.

If plaintiff was injured, as he claims, he had a right to elect to sue the railway company for damages or seek compensation from his employer. 2 Comp. Laws 1915, § 5468. See *Webster* v. *Stewart*, 210 Mich. 13. By employment of the procedure and method pointed out in the statute, plaintiff elected to have an award under the workmen's compensation act, and he could not, upon adverse decision in such proceeding, bring this suit. *Nagy* v. *Michigan Copper & Brass Co.*, 233 Mich. 552. But, it is said, plaintiff was insane, and, therefore, could make no election. Sanity is presumed, and the election as it appears in the proceeding for compensation governs, and may not now be avoided by an issue of insanity raised in this suit in impeachment of the proceeding for compensation. If the proceeding before the department of labor and industry is not to control on the ground that plaintiff was insane, it must be by a direct proceeding in equity to impeach it. *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519.

The determination in the proceeding for compensation was entitled as follows:

"Anton Vazanno
"Applicant
vs.
"Sunday Lake Iron Company,
"Pickands, Mather & Company,
"Cleveland, Ohio,
"Respondents."

It was decided:

"That Anton Valisano did not suffer an accident which arose out of and in the course of his employ-

ment with the said respondent employer in the county of Gogebic, State of Michigan, and that said applicant is not entitled to receive and recover compensation from said respondents Sunday Lake Iron Company and Pickands, Mather and Company.

"No proof of an accidental injury within the meaning of the act.

"In view of the above notice and application should be and the same is hereby dismissed until applicant shall prove his claim."

No review was sought by plaintiff, and the decision bars this action under the doctrine of *res adjudicata*.

We held in *Besonen* v. *Campbell*, 243 Mich. 209, that, quoting from the syllabus:

"While the department of labor and industry is not a court, the doctrine of *res adjudicata* applies to its proceedings, and its decisions are binding on the applicant, the employer, and the insurance company."

Pickands, Mather & Company operated the Brotherton company mine in April, 1913, and until that mine shut down some years later, and as such operator, was plaintiff's employer. Plaintiff made showing to that effect at the hearing of his petition for compensation. Other errors assigned need not be considered.

Defendant moved for a directed verdict; the court reserved decision, and, after verdict, denied the motion. The motion should have been granted.

The judgment is reversed, and the case remanded to the circuit with direction to enter judgment for defendant. Defendant will recover costs of this court.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.