In the Matter of the Claim of CYNTHIA HURD, Respondent, *v.* COUNTY OF ALLEGANY, Appellant.

CYNTHIA HURD, Respondent, *v.* COUNTY OF ALLEGANY, Appellant.

Fourth Department, October 26, 1972.

*Smith, Murphy & Schoepperle* (*Frank G. Godson* of counsel), for appellant.

*Louis C. Zannieri* for respondent.

WITMER, J. Defendant, County of Allegany, appeals from two orders of the Supreme Court, the first order granting plaintiff's motion for leave to file a late notice of claim against defendant and the second order directing a fact-finding hearing to determine the period of time during which plaintiff was disabled " due to infancy and/or mental or physical impairment ", to enable the court to determine how long the Statute of Limitations in section 50-i of the General Municipal Law was tolled, if at all.

ORDER NO. 1

In plaintiff's moving papers on her application for leave to file late notice of claim, the following uncontroverted facts were presented: Plaintiff, a young adult woman, was injured in an automobile accident which occurred on August 30, 1969 on one of defendant's roads, allegedly because of defendant's negligence; she suffered brain damage, resulting in partial paralysis; was in a hospital for treatment thereof and rehabilitation, and she had serious mental limitations until November 10, 1969 when she was sent home for continued rehabilitation. She was seen by one of her doctors on December 4, 1969 and by another on January 28, 1970. The latter reported that as of that date plaintiff was progressing slowly but satisfactorily and that she still had significant problems with attention span, concentration and learning, as to which " there will probably be further recovery." On February 5, 1970 plaintiff attended a motor vehicle hearing accompanied by an attorney for the insurer of her mother's automobile. It appears that at that hearing she had no memory of the accident of August 30, 1969 and she exhibited a limitation of mental response. On or about March 5, 1970 she retained an attorney to represent her with respect to this accident, and on April 4, 1970 through that attorney she made this motion

for leave to file late notice of claim. In a well-reasoned memorandum, Special Term reviewed these facts and the applicable law and granted the motion. The order entered thereon should be affirmed.

Section 50-e of the General Municipal Law provides that notice of such a claim against a municipality " shall be given within ninety days after the claim arises." Subdivision 5 of that section provides that, " The court, in its discretion, may grant leave to serve a notice of claim within a reasonable time after the expiration of the time specified [above]   *   *   *   (1) where the claimant is   *   *   *   mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim within the time specified ".

The 90-day period during which plaintiff could file her notice of claim without application to the court expired on November 28, 1969. She could file such notice thereafter only if she acted to do so within a reasonable time after that date in view of her mental or physical incapacity. In light of her mental condition when examined by her doctor on January 28, 1970 and as further indicated by her testimony at the motor vehicle hearing on February 5, 1970, Special Term was clearly authorized in its discretion to hold that her retention of an attorney on March 5 and her motion on April 4 for permission to file late notice of claim were done within a reasonable time (*Matter of Rosenberg* v. *City of New York,* 309 N. Y. 304).

### ORDER NO. 2

Order No. 1, dated July 8, 1970, was entered on July 13, 1970. On July 10, 1970 plaintiff filed her notice of claim. Defendant promptly appealed from the order but because of a disagreement between counsel the record on appeal was not settled until April 16, 1971. On July 7, 1971 plaintiff served her complaint against defendant upon her claim. Defendant moved for summary judgment dismissing the action because it was not commenced within one year and 90 days after the accident, as provided in section 50-i (subd. 1, cl. [c]) of the General Municipal Law.

Special Term ruled that the statute was tolled for 95 days, during which time the application for leave to file late notice of claim was pending before the court (*Barchet* v. *New York City Tr. Auth.,* 20 N Y 2d 1). Upon the authority of *Christian* v. *Village of Herkimer* (5 A D 2d 62) the court also ruled that the appeal from Order No. 1 did not stay the proceedings nor extend plaintiff's time in which to sue on her claim; and plaintiff does not question this ruling. The success of defendant's motion,

therefore, depends upon whether as a matter of law it should be held that there was no tolling of the Statute of Limitations beyond the 95 days of the pendency of the application to file late notice of claim, so as to extend plaintiff's time to serve her complaint to July 7, 1971, when it was served.

Special Term ruled that the Statute of Limitations was tolled for some undetermined additional period, which might be shown to extend the statute to or beyond July 7, 1971, and, therefore, the court made the second order referred to in the first paragraph of this opinion, directing a hearing.

Defendant contends that the record shows that plaintiff was capable of carrying out her affairs as of January 28, 1970, and that, contrary to Special Term's ruling, no question of fact exists as to the expiration of the time in which plaintiff could bring her action. We have held that the period of limitation of one year and 90 days prescribed in section 50-i (subd. 1, cl. [c]) of the General Municipal Law is subject to tolling under the provisions of CPLR 208 (*Corbett* v. *Fayetteville-Manlius Cent. School Dist.*, 34 A D 2d 379), which provides in pertinent part, that " If a person entitled to commence an action is, at the time the cause of action accrues under the age of twenty-one years, insane or imprisoned on a criminal charge or conviction for a term less than for life * * * the time within which the action must be commenced shall be extended to three years after the disability ceases ". This statute specifies three disabilities which will toll a statute of limitations, to wit, infancy, imprisonment or insanity. Since plaintiff was neither an infant nor in prison, CPLR 208 did not operate to extend beyond November, 1970 the time for her to commence her action unless it is determined that she was " insane " within the meaning of that word as used therein. Although it has been held that the statute applies where a person is insane whether or not so adjudicated (*Hammer* v. *Rosen*, 7 N Y 2d 376), no New York case has come to our attention which interprets the word " insane " for the purposes of CPLR 208. We therefore look to interpretations of similar statutes by the courts in other States.

Such holdings are uniformly guided by the manifest purpose of the tolling statutes, to wit, " to relieve from the strict time restrictions any person who actually lacks the ability and capacity, due to mental affliction, to pursue his lawful rights " (*Sobin* v. *Frisch & Sons*, 108 N. J. Super. 99, 104). In accord with that purpose, the word " insane " has been interpreted to include a temporary mental incapacity to protect one's rights resulting from a physical injury (see *Sobin* v. *Frisch & Sons, supra*;

*Kyle* v. *Green Acres at Verona,* 44 N. J. 100, 113; *Gottesman* v. *Simon,* 169 Cal. App. 2d 494; *Browne* v. *Smith,* 119 Col. 469; *Valisano* v. *Chicago & Northwestern Ry. Co.,* 247 Mich. 301, 304 [dictum]; *Alabama Power Co.* v. *Shaw,* 215 Ala. 436, 440; *Johnson* v. *Maine & New Brunswick Ins. Co.,* 83 Me. 182; *Burnham* v. *Mitchell,* 34 Wis. 117, 134–137; 54 C. J. S., Limitations of Actions, § 242; 51 Am. Jur. 2d, Limitation of Actions, § 187). It has been said that the word '' insane '' in such a statute implies mental disorder resulting in the inability to manage one's affairs (*Browne* v. *Smith, supra,* p. 472), and that '' it embraces a temporary unsoundness of mind as indicated by the proof, and is not to be confined to chronic or fixed conditions '' (*Alabama Power Co.* v. *Shaw,* 215 Ala. 436, 440, *supra*). The holdings in such cases are well summarized in Corpus Juris Secundum (*supra, p.* 269) as follows: '' the term ' insane ', as used in this connection, has been given a generic, rather than a technical, meaning, and has been held to mean such a condition of mental derangement as actually to bar the sufferer from comprehending rights which he is otherwise bound to know; and the exception has been held to embrace temporary unsoundness of mind as well as chronic or fixed insanity.''

In American Jurisprudence (*supra.* p. 755) it is written: '' It is generally held or recognized that a person may be under the legal disability of insanity, or unsoundness of mind, within the meaning of the exception to the statute of limitations, when the disability is of such a nature as to show him unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities.''

These authorities are consonant with the criterion in this State for determining whether a person is so incompetent as to require the appointment of a committee for him or his property (see 2 N Y PJI 8:1 and Comment).

On the present record, it is a question of fact as to when plaintiff regained sufficient ability to understand her affairs and to protect them so that she was no longer insane within the meaning of CPLR 208.

Accordingly, we conclude that Order No. 2 was proper insofar as it directed a fact-finding hearing to determine the exact period of time during which the plaintiff was disabled by reason of her mental impairment. In other respects, however, the order was too broad because plaintiff was an adult person not imprisoned at the time of the accident and, unlike subdivision 5 of section 50-e of the General Municipal Law, CPLR 208 does not encompass physical incapacity. This order, therefore, should

be modified to strike out the words, "infancy and/or * * * or physical", and as so modified the order directing a fact-finding hearing to determine the exact period of time during which the plaintiff was disabled due to mental impairment should be affirmed.

GOLDMAN, P. J., DEL VECCHIO, MOULE and HENRY, JJ., concur.

Order, entered July 13, 1970, unanimously affirmed with costs.

Order, entered September 21, 1971, unanimously modified in accordance with opinion and, as so modified, affirmed.