No. 88-112

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

BETTY BESTWINA, Individually, and
as Guardian ad Litem for LAWRENCE
BESTWINA, an incapacitated person,

        Plaintiffs and Appellants,

-vs-

THE VILLAGE BANK and RICHARD OLSON,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cotter & Cotter; Patricia O'Brien Cotter argued, Great
Falls, Montana

    For Respondent:

        Emmons & Coder; Robert Emmons argued, Great Falls,
Montana
        J. David Slovak argued; Ugrin, Alexander, Zadick &
Slovak, Great Falls, Montana

---

Submitted: October 13, 1988

Decided: January 10, 1989

FILED
'89 JAN 10 AM 10 23
MONTANA ... COURT

Filed: '89 JAN 10 AM 10 23

ED SMITH

---

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff appeals from the dismissal of her complaint for wrongful discharge. The District Court for the Eighth Judicial District, Cascade County, ruled that the claim was barred by the statute of limitations. We reverse in part, affirm in part, and remand to the District Court.

The issues are:

1. Was summary judgment improper because of a factual question as to whether Lawrence Bestwina was seriously mentally ill so as to toll the statute of limitations?

2. Does the question of whether the defendants fraudulently concealed the facts surrounding Mr. Bestwina's discharge preclude summary judgment?

Defendant Village Bank has raised as a third issue whether the District Court's summary judgment is an appealable order. Apparently Village Bank is concerned because the summary judgment is entitled as an "order." We conclude that the title of the document does not render the appeal invalid. It is clear from the body of the summary judgment order that it disposes of plaintiff's claims. We will consider the appeal.

Lawrence Bestwina was employed as vice president of the Village Bank in Great Falls, Montana. In March of 1977, he began treatment with a psychiatrist for depression. In November 1977, he was discharged from his employment. In January 1978, Mr. Bestwina was hospitalized for depression. He has since been diagnosed as suffering from chronic bipolar disorder with manic and depressive episodes. His condition has deteriorated over the years and has not been controlled with medication or electric shock treatments.

The original complaint alleging wrongful discharge was filed on October 4, 1985, with Mr. Bestwina's wife acting as

2

his guardian ad litem. The complaint included a consortium claim on Mrs. Bestwina's behalf. The District Court granted dismissal of the consortium claim, ruling that the statute of limitations had passed. Plaintiff then filed an amended complaint, omitting the consortium claim. After some discovery, defendants Village Bank and Richard Olson, who have retained separate counsel, both moved for summary judgment on grounds that the complaint was untimely filed and that the statute of limitations had run. Plaintiff argued that the complaint was timely filed because the applicable three-year statute of limitations was tolled as a result of Mr. Bestwina's mental illness. Section 27-2-401, MCA, is the statute which allows tolling:

> (1) If a person entitled to bring an action . . . is, at the time the cause of action accrues, . . . seriously mentally ill . . . the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority.

Plaintiff also claimed that the defendants fraudulently concealed the real reason for the termination of Mr. Bestwina's employment until 1983, and that the statute of limitations did not begin to run until then.

The District Court concluded that the fraudulent concealment claim was filed too late because the statute of limitations for that claim began to run on the date Mr. Bestwina's employment was terminated. It also concluded that plaintiff had failed to prove continuous and complete disability so as to toll the statute of limitations.

I

Was summary judgment improper because of a factual question as to whether Lawrence Bestwina was seriously mentally ill so as to toll the statute of limitations?

3

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), M.R.Civ.P. The District Court concluded that the burden of proving facts sufficient to toll the statute of limitations fell on plaintiff. At paragraph 6 of its conclusions of law, the court stated:

> Plaintiff has failed to meet the burden of establishing a complete and continuous disability as required by § 27-2-401, MCA, to toll the statute of limitations. . . . The disability must be sufficient to preclude the Plaintiff from comprehending his legal rights, and such a disability has not been established. Rather, the record reflects not only a comprehension of legal rights related to the alleged termination, but successful pursuit of the same through various legal remedies then available.

The defendants contend, as they did in the District Court, that Mr. Bestwina's pursuit of claims for social security benefits and workers' compensation demonstrate an absence of serious mental illness.

While we recognize that Mr. Bestwina's pursuit of these claims is certainly proper for consideration on the issue of mental illness, we conclude that the pursuit of the claims does not conclusively establish an absence of serious mental illness. Our conclusion agrees with those of courts in several other states. Retention of counsel is evidence, although not conclusive, of a person's legal capacity for purposes of tolling the statute of limitations. Harrington v. County of Ramsey (Minn. 1979), 279 N.W.2d 791. In a case involving facts similar to those of the present case, the Supreme Court of Alaska stated that,

4

> The fact that [the plaintiff] could actively work
> for sometime after the accident, travel, obtain
> workmen's compensation benefits and retain an
> attorney might support an inference that [the
> plaintiff] was not "insane," but this is an issue
> to be decided at trial, not on a motion for summary
> judgment.

Adkins v. Nabors Alaska Drilling, Inc. (Ak. 1980), 609 P.2d 15, 24. See also Hill v. Clark Equipment Company (Mich.Ct.App. 1972), 202 N.W.2d 530.

In the present case, Donald Engstrom, M.D., submitted his affidavit stating that Mr. Bestwina has been under his psychiatric treatment since March of 1977, about 8 months prior to his discharge. He stated that in 1978 and during the next four years, Mr. Bestwina was hospitalized at least six times for severe depression. He stated that drug therapy and electroconvulsive treatments had not yielded improvement in Mr. Bestwina's condition and that Mr. Bestwina's condition had deteriorated from 1977 to the date of the affidavit. He also stated that, "In my opinion, since 1977 when he commenced treatment, Bestwina has never returned to his 'pre-1977' self."

The lower court's four pages of findings of fact, along with the foregoing summary of the positions of the parties, demonstrate to us the presence of issues of material fact as to the serious mental illness of Mr. Bestwina. This is not a question which is susceptible to resolution based on written affidavits, without the benefit of cross-examination in court. We therefore conclude that there is a material issue of fact precluding summary judgment.

For the assistance of the District Court on remand, it is necessary that we review the provisions of § 27-2-401, MCA, as applied to this case. In substance, that statute provides that if a person is seriously mentally ill at the

time the cause of action accrues, the time of such disability is not counted. We therefore conclude that the District Court must determine whether or not Mr. Bestwina was seriously mentally ill at the time the cause of action accrued in November 1977. If the court determines that he was seriously mentally ill on that date, then the court must consider the following portion of the statute, which in substance states that the time of Mr. Bestwina's disability shall not be considered as a part of the time limit under the statute but that the time cannot be extended more than 5 years. We conclude that the District Court then must determine the period or periods during which the disability continued, and the total of such time of disability shall not be counted against Mr. Bestwina. While the statute does not specifically contemplate a separate proceeding prior to trial on the merits, we conclude that such a separate proceeding is appropriate in this case and we therefore direct the District Court to proceed to make a determination as above set forth prior to the trial of the cause of action on the merits.

We reverse and remand to the District Court for the determination of whether Mr. Bestwina has met the requirements for the tolling of the statute of limitations because of his claim of serious mental illness, and for such further proceedings as are appropriate.

II

Does the question of whether the defendants fraudulently concealed the facts surrounding Mr. Bestwina's discharge preclude summary judgment?

Plaintiff argues that it was not until Richard Olson was deposed in October 1983 that Mr. Bestwina's counsel was aware that Mr. Bestwina had been fired in 1977 and that the firing was because of an unrelated personal matter between him and Mr. Olson. Mr. Bestwina's counsel submitted his affidavit

that until October 1983, he believed that Mr. Bestwina had been placed on a medical leave of absence in 1977. Plaintiff asserts that under the discovery doctrine, the statute of limitations should be tolled until October 1983. In ruling on this issue, the District Court did not elaborate beyond stating that it deemed controlling its ruling in the claim Mrs. Bestwina brought in her own behalf.

Plaintiff points out that dismissal of an action as to a person in her individual capacity is not res judicata as to a later action in which that person appears in a representative capacity. S-W Co. v. John Wight, Inc. (1978), 179 Mont. 392, 405-06, 587 P.2d 348, 355. Law of the case does not apply because a slightly different issue is presented here. Previously the court ruled that the discovery doctrine did not apply as to Mrs. Bestwina. Here, the question is whether the discovery doctrine applies as to Mr. Bestwina.

In any event, no authority has been cited which states that the discovery doctrine, which has been recognized in other kinds of cases, should be extended to apply in this case. Nor has plaintiff made a persuasive argument that the doctrine should be so extended. We decline to expand the discovery doctrine to cover this situation. We therefore affirm the District Court's ruling that the plaintiff's fraudulent concealment claim does not toll the statute of limitations.

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion.

Justice

We Concur:

_____
Chief Justice

7

_____

_____

_____ John L. Sheehy

_____ William E. Hunt Sr.

_____ R.C. McDonough
Justices

8

Mr. Justice John Conway Harrison, dissenting.

I dissent. Facts, like figures, can be either distorted or described in a certain way to achieve a specific outcome. The District Court spent considerable time in this case observing all parties involved and I feel the District Court arrived at the correct decision in granting summary judgment to the defendants.

Viewing the facts as the District Court did and as I see them from the record, appellant's husband, Lawrence Bestwina, former vice president of the Village Bank in Great Falls, did not file his action for wrongful discharge until eight years after he was separated from his employment on November 6, 1977. During that eight year period, he personally pursued a number of legal remedies directly connected with and based upon his alleged unlawful discharge. Three years after his discharge, on May 30, 1980, he personally retained counsel, C.L. Overfelt, to pursue a Workers' Compensation claim against the defendant Village Bank. He personally executed a retainer fee and agreement on that date and signed a claim for compensation on June 10, 1980. That Workers' Compensation claim was brought by Lawrence Bestwina, in his individual capacity, without the necessity of appointing a guardian ad litem or a conservator. It is emphasized that this Workers' Compensation litigation focused on the same discharge from employment as this action. That claim based upon his discharge, was initially denied, and a petition for hearing was filed before the Workers' Compensation Court in August, 1983. That petition for a hearing and the litigation involved before the Workers' Compensation Court, was brought solely in the name of Lawrence Bestwina in his individual capacity, again without the need of a guardian or a conservator. Through a pretrial

deposition he testified at that court proceeding, and was listed as a trial witness. At that time no contention of incompetency was made during the proceedings.

While that Workers' Compensation Court action was subsequently resolved through a full and final settlement prior to trial, it was Lawrence Bestwina who signed the petition for a full and final compromise settlement in his individual capacity, which settlement was approved by the court.

Of the eight year period which Lawrence Bestwina now claims should be tolled, he obviously was competent for four of those years.

Additionally, during the time in question, specifically on July 20, 1979, Lawrence Bestwina personally applied for social security disability benefits by executing a document with the Social Security Administration. While that first application for benefits was denied, he requested a reconsideration which also was denied. Following that he requested a hearing with the Social Security Administration. That hearing was held October 29, 1979. During the hearing he testified under oath and as a result, disability benefits were granted in March, 1980.

The entire record reflects, and it is as obvious to me as it was to the District Court Judge who heard the matter, that Lawrence Bestwina's actions in obtaining various benefits, indicates he fully understood his legal rights and how to exercise them. In my opinion there was not one instance during the time he used the legal system that he showed the necessity of having a guardian or conservator appointed for him. I feel the record shows uncontroverted facts which illustrate Bestwina failed to prove a continuous and uninterrupted mental disability.

10

I would affirm the District Court's holding in finding that Bestwina failed as a matter of law to establish any entitlement to any exception to the three year statute of limitations.

_____
Justice

Mr. Justice L. C. Gulbrandson joins in the foregoing dissent of Mr. Justice Harrison.

_____
Justice

Mr. Chief Justice J. A. Turnage:

I concur in the foregoing dissent of Mr. Justice Harrison.

_____
Chief Justice

11