Thomas HERNANDEZ–ROBAINA,
Appellant,

v.

STATE of Alaska, Municipality of Anchorage, and Dr. David Sperbeck,
Does 1–5, Appellees.

No. 3941.

Supreme Court of Alaska.

April 2, 1993.

Phillip S. Lopez, Anchorage, for appellant.

Timothy M. Lynch, Madelon Blum, Law Offices of Timothy M. Lynch, P.C., Anchorage, for appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

Thomas Hernandez–Robaina appeals the superior court's summary judgment against him. The main question presented is whether his inability to understand English made him an "incompetent" under the statute which directs that statutes of limitations do not run against incompetent persons. We answer this question in the negative.

## I. FACTS AND PROCEEDINGS

Thomas Hernandez–Robaina (Hernandez) is an Alaska resident who arrived in the United States in 1980. He is originally from Cuba and understands little or no English. On October 31, 1983, Hernandez was arrested for trespass in the Alaska Court System Building in Anchorage. Hernandez alleges that the police repeatedly asked him to leave but that he could not understand their requests.

Hernandez spent about two and a half months in custody before the State dropped the trespass charges on January 12, 1984. While Hernandez was in custody, Dr. David Sperbeck, a psychiatrist employed by the State of Alaska and the Alaska Psychiatric Institute, wrote, according to Hernandez, "a significantly damaging assessment ... concerning [his] psychiatric condition without ever having met [Hernandez]." Hernandez also claims that Dr. Sperbeck's evaluation included a letter "addressed to the Federal authorities" and "drew several

conclusions concerning [Hernandez's] mental state and ... potential for violence."

At the time of his arrest, Hernandez was already on parole under the supervision of the Immigration and Naturalization Service. Federal authorities detained Hernandez upon his release from State custody, and ultimately sent him to a federal penitentiary in Georgia pending an investigation of the charges giving rise to his imprisonment in Alaska. Hernandez alleges that "Dr. Sperbeck's letter was the sole tool utilized by the Federal authorities to hold" him in federal custody.

While at the federal facility, Hernandez sought help to gain release from custody in a letter in Spanish to the Honorable Elaine Andrews, then Judge of the District Court, Third Judicial District, Anchorage. Judge Andrews inquired into Hernandez's case and, in a letter dated March 6, 1987, reported her findings to an official at the federal facility and sent a copy of the letter to Hernandez. Judge Andrews' letter states that many of Hernandez's legal problems while in Alaska were "apparently caused, at least in part, by [Hernandez's] language difficulty." With regard to Dr. Sperbeck's psychiatric evaluation of Hernandez, Judge Andrews wrote that she had "never seen such a significantly damaging assessment with essentially no contact with the defendant."

Hernandez was released from federal custody on March 3, 1988, and placed on parole in California. Hernandez's parole ended on July 18, 1989, and he then returned to Alaska. On July 12, 1991, Hernandez filed suit in superior court against the State of Alaska, the Municipality of Anchorage, and Dr. Sperbeck. The State and Dr. Sperbeck filed a motion for judgment on the pleadings claiming that (1) the statute of limitations had run on Hernandez's claims; and (2) all defendants were immune from liability under the doctrine of sovereign immunity. The motion was later converted into a motion for summary judgment. Alaska R.Civ.P. 12(b). The superior court granted summary judgment but did not set forth the basis of its decision. The superior court awarded the State and Dr. Sperbeck $7,500 in attorney's fees, 75% of their reasonable attorney's fees. Hernandez appeals.

## II. STATUTE OF LIMITATIONS

 The parties agree that Hernandez's claims are governed by the two-year statute of limitations in AS 09.10.070. Hernandez's only colorable argument in support of the timeliness of his suit is tolling due to the statutory disability of mental incompetency.[1]

 Hernandez relies on AS 09.10.-140(a)(2), which tolls the statute of limitations for persons "incompetent by reason of mental illness or mental disability." Hernandez argues that his "limited understanding of English" and lack of "comprehension of our legal system" constitute just such a disability. The State responds that AS 09.10.140(a)(2) refers only to persons without the mental *capability* to understand their rights, not to persons who,

---

**1.** Hernandez makes three other arguments in favor of the timeliness of his suit that we dispose of summarily. First, Hernandez argues that the former statutory provision tolling the statute of limitations for prisoners applies to him. AS 09.10.140(3). This statutory provision was repealed effective September 3, 1986. We agree with those jurisdictions that hold that a statutory amendment repealing the disability for prisoners removes an individual prisoner's disability as of the effective date of the statutory amendment. *See Zuck v. State*, 159 Ariz. 37, 40, 764 P.2d 772, 775 (App.1988); *Kelly v. State*, 57 A.D.2d 320, 395 N.Y.S.2d 311, 314–16 (1977); *Lerma v. Pecorino*, 822 S.W.2d 831, 832–33 (Tex. App.—Houston [1st Dist.] 1992). Thus, if applicable, AS 09.10.140(b) would toll the statute of limitations only until September 3, 1986. Sec-

ond, Hernandez argues that the discovery rule delayed the running of the statute of limitations. *Sharrow v. Archer*, 658 P.2d 1331, 1334 n. 6 (Alaska 1983). Yet, Hernandez was aware of the facts underlying all of his pled causes of action as of his receipt of Judge Andrews' letter in March 1987. Third, Hernandez claims that the State and Dr. Sperbeck should be equitably estopped from asserting the defense of statute of limitations for the period that the tortious acts of the State kept him outside of Alaska. This argument too must fail because Hernandez has suggested no conduct of the State or Dr. Sperbeck that induced him to "postpone filing suit until the limitations period has run." *Gudenau & Co. v. Sweeney Ins. Inc.*, 736 P.2d 763, 768 (Alaska 1987).

due to lack of access to an attorney or otherwise, did not actually *know* their rights. Thus, we face two asserted interpretations of AS 09.10.140(a)(2).[2]

■ An individual's mental capacity to understand his or her rights, not whether the individual actually understood or knew of those rights, must be the gravamen of mental incompetency under AS 09.10.-140(a)(2). We have previously described the proper test for an AS 09.10.140(a)(2) disability as follows: whether a person "*could* know or understand his legal rights sufficiently well to manage his personal affairs." *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980) (emphasis added). The use of the word "could" instead of a word such as "did" or "does" suggests an intent to measure an individual's capabilities. The central question is whether the individual would be able to comprehend the concepts and ideas of which his or her rights consist if those matters were adequately communicated. Furthermore, in setting forth this test, we explained in *Adkins:* "This same test is applied whether the applicable tolling statute uses the term 'insane,' as AS 09.10.140 [formerly provided], or some other language such as 'incompetent by reason of mental illness'...." *Id.* at 23 n. 12. This passage clearly shows our preference for treating AS 09.10.140 as requiring a form of mental impairment affecting the person's ability to perceive and understand his or her rights.[3] Lastly, as Hernandez notes

in his brief, "mental incompetency" has been defined as addressing those "*incapable* of understanding and acting with discretion in the ordinary affairs of life." Black's Law Dictionary (6th ed. 1990) (emphasis added). For these reasons, we reaffirm our commitment to the *Adkins* test as interpreted in this opinion.

In the present case, difficulty with English and confusion as to Alaska's legal system cannot, alone, constitute mental incompetency. There can be no doubt that these factors increased Hernandez's difficulty in obtaining information regarding his rights. Many citizens face significant difficulties in gaining information regarding their rights in particular contexts. Yet, Hernandez's difficulties cannot be said to raise a genuine issue of fact regarding his ability to comprehend such information once obtained.

## III. CONCLUSION

Since we find that the applicable statute of limitations barred Hernandez's claims against the State and Dr. Sperbeck, we AFFIRM the superior court's grant of summary judgment.[4]

2. Statutory interpretation is a question of law which we answer by "adopt[ing] the rule of law which is most persuasive in light of precedent, reason, and policy." *Ford v. Municipality of Anchorage,* 813 P.2d 654, 655 (Alaska 1991). In applying our adopted interpretation, we will affirm the superior court's summary judgment only if the record presents no genuine issue of material fact and "the moving party was entitled to judgment on the law applicable to the established facts." *Wassink v. Hawkins,* 763 P.2d 971, 973 (Alaska 1988). In making this determination, we make "[a]ll reasonable inferences of fact from proffered materials ... against the moving party ... and in favor of the non-moving party...." *Sea Lion Corp. v. Air Logistics of Alaska, Inc.,* 787 P.2d 109, 116 (Alaska 1990).

3. *See also Feeley v. Southern Pac. Transp. Co.,* 234 Cal.App.3d 949, 285 Cal.Rptr. 666, 667 (1991) (person is mentally incompetent if "in-

capable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts") (alteration in original); *Pederson v. Time, Inc.,* 404 Mass. 14, 532 N.E.2d 1211, 1213 (1989) (mental incompetence is "'any mental condition which precludes the plaintiff's understanding the nature or effects of his acts' and thus prevents him from comprehending his legal rights"); *Harrington v. County of Ramsey,* 279 N.W.2d 791, 795 (Minn.1979) (mental incompetence "means substantial inability, by reason of mental defect or deficiency, to understand one's legal rights, manage one's affairs, and prosecute the claim").

4. Hernandez also challenged the superior court's attorney's fees award. We do not disturb the award of attorney's fees as it was not "arbitrary, capricious, manifestly unreasonable, or [based on] an improper motive." *Tobeluk v. Lind,* 589 P.2d 873, 878 (Alaska 1979).