■ RUTH WEBB, Respondent, v MARVIN THALENBERG, Appellant, et al., Defendants. — In an action, *inter alia,* to recover damages for medical malpractice and civil rights violations, defendant Marvin Thalenberg appeals from so much of an order of the Supreme Court, Rockland County, dated April 9, 1980, as denied his motion to dismiss (1) plaintiff's second cause of action against him on the ground that it is legally insufficient, and (2) plaintiff's first and second causes of action against him on the ground that they are barred by the Statute of Limitations. Order modified, on the law, by deleting the provision which denies dismissal of the second cause of action against appellant, based upon the violation of plaintiff's civil rights, and substituting a provision dismissing that cause of action for failure to state a legally sufficient claim against appellant under section 1983 of title 42 of the United States Code. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The plaintiff's second cause of action against appellant, alleging a violation of her civil rights pursuant to section 1983 of title 42 of the United States Code, must be dismissed because plaintiff failed to allege or establish in any way that the appellant was acting "under color of" State law. Since the claim is legally insufficient, the Statute of Limitations question on the second cause of action is rendered moot. As to plaintiff's first cause of action, alleging negligence and medical malpractice, Special Term did not abuse its discretion in ordering a hearing to determine the length of plaintiff's period of alleged disability by reason of insanity and whether it might toll the provisions of the Statute of Limitations (see CPLR 208, 2218, 3211, subd [c]; *Dunn v Mager,* 47 AD2d 919; *Matter of Hurd v County of Allegany,* 39 AD2d 499). The appellant resists an immediate hearing, arguing that the question of plaintiff's mental condition prior to, during and after her release from the Rockland Psychiatric Center is a complex issue central to the main issues of liability and damages to be determined at trial and that he was not yet engaged in pretrial discovery concerning plaintiff's mental condition. However, we believe that a pretrial hearing on the Statute of Limitations provisions applicable to the first cause of action will not burden the parties unduly or require a full trial on substantive issues of liability. Mollen, P.J., Hopkins, Weinstein and Thompson, JJ., concur.